# Exhibit | A

Angila Mayfield    6/10/2022 9:35 AM    Cathy M. Garrett    WAYNE COUNTY CLERK    IN MY OFFICE    FILED    22-006868-NI

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

ZHUMEI LI, Personal Representative of the Estate      Case No: 22-          NI
of SAM CHENG, Deceased, ZHUMEI LI in her           Hon.
individual capacity, and ALLURA CASANOVA,

           Plaintiff,

vs.

TIME DISPATCH SERVICES AGENT GROUP,
INC., a foreign corporation, CDS TRANSPORT,
INC., a foreign corporation, and KIRK
ANTHONEY DENNIS BROWN, Jointly and
Severally,

           Defendants.
_____/

JOSHUA R. TEREBELO (P72050)
JORDAN M. JONES (P77866)
JORDAN M. EWALD (P85650)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI  48334
(248) 353-7575; Fax (248) 254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com
jewald@michiganautolaw.com
_____/

**COMPLAINT**

    There is no other pending or resolved civil action arising out of the transaction or
occurrence alleged in the complaint.

           /s/ Joshua R. Terebelo
           Joshua R. Terebelo (P72050)

    NOW COME the above-named Plaintiffs, ZHUMEI LI, Personal Representative of the

Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA

CASANOVA, by and through their attorneys, MICHIGAN AUTO LAW. P.C., and say:

1. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

2. At all pertinent times hereto, that the Decedent, SAM CHENG, was a resident of the City of Canton, County of Wayne, and State of Michigan, up to and including at the time of his death.

3. That the Plaintiff, ZHUMEI LI, was appointed in Wayne County, State of Michigan, as the Personal Representative of the Estate of SAM CHENG, Deceased (see **Exhibit 1** attached).

4. That the Plaintiff and Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI, at all times material hereto, was a resident of the City of Canton, County of Wayne, and State of Michigan.

5. That the Plaintiff, ALLURA CASANOVA, at all times material hereto, was a resident of the City of Ann Arbor, County of Washtenaw, and State of Michigan.

6. That the Defendant, KIRK ANTHONEY DENNIS BROWN, at all times material hereto, was a resident of the City of Detroit, County of Wayne, and State of Michigan.

7. That the Defendant, TIME DISPATCH SERVICES AGENT GROUP, INC., is a foreign corporation authorized to do business in the City of Detroit, County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

8. That the Defendant, CDS TRANSPORT, INC., is a foreign corporation authorized to do business in the City of Detroit, County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

Michigan Auto Law, 30001 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

9.      Venue is otherwise appropriate within this jurisdiction.

### COUNT I: NEGLIGENCE AND/OR GROSS NEGLIGENCE AS TO DEFENDANTS TIME DISPATCH SERVICES AGENT GROUP, INC., CDS TRANSPORT, INC., AND KIRK ANTHONEY DENNIS BROWN

10.     That on or about June 30, 2021, at or about 12:40 a.m., the Plaintiffs, ZHUMEI LI and ALLURA CASANOVA, and SAM CHENG, Deceased, were passengers in a vehicle driving North on Hannan Road at or near the intersection of W. Michigan Ave., in the City of Wayne, County of Wayne, and State of Michigan.

11.     That at the aforementioned time and place, the Defendant, KIRK ANTHONEY DENNIS BROWN, was driving a 2014 Freightliner semi-truck, license number 2953250, with the express and implied consent and knowledge of its owner, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., and was in the course and scope of his employment with TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., said companies being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

12.     At that time and place, the Defendant, KIRK ANTHONEY DENNIS BROWN, owed the Plaintiffs, the Decedent, and the public, the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Wayne.

13.     That the Defendant, KIRK ANTHONEY DENNIS BROWN, did then and there display gross and/or ordinary negligence and misconduct by driving too fast for conditions, driving without active headlights at night, driving while under the influence of intoxicating substances, and in failing to timely apply his brakes to avoid a collision, striking the vehicle occupied by the Plaintiffs and the Decedent.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

14.     That at the said time and place, Defendant, KIRK ANTHONEY DENNIS BROWN, was guilty of gross and/or ordinary negligence and misconduct as follows:

      A.     In driving at an excessive rate of speed under the conditions then and there existing;

      B.     In failing to yield the right of way;

      C.     In failing to keep a reasonable lookout for other persons and vehicles using said highway;

      D.     In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

      E.     In failing to have the vehicle equipped with proper headlights and/or failing activate headlights at night;

      F.     In failing to drive with due care and caution;

      G.     In failing to take all possible precautions to avoid any collision with other motor vehicles;

      H.     In failing to make and/or renew observations of the conditions of traffic on the highway; and

      I.     In driving while under the influence of intoxicating substances.

15.     The Defendant, KIRK ANTHONEY DENNIS BROWN, was further negligent and grossly negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of Wayne.

16.     That among those Statutes Defendants, KIRK ANTHONEY DENNIS BROWN, TIME DISPATCH SERVICES AGENT GROUP, INC., and CDS TRANSPORT, INC., violated include, but are not limited to the following:

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

4

Michigan Auto Law, 30001 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

| | | |
|---|---|---|
| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.602b | Reading, typing or sending text message; |
| M.C.L. | 257.612 | Obedience to traffic control devices; |
| M.C.L. | 257.614 | Flashing red or yellow signals; |
| M.C.L | 257.625 | Operating a motor vehicle while intoxicated; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.676b | Interference with flow of traffic; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.684 | Head lights; |
| M.C.L. | 257.700 | Use of head lights; |
| M.C.L. | 257.703 | Speed requirements in connection with lights; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.709 | Unobstructed windshield and windows; |
| M.C.L | 333.26427 | Michigan Medical Marihuana Act; |
| M.C.L | 333.27954 | Michigan Regulation and Taxation of Marihuana Act; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; and |
| 49 C.F.R. | | Motor Carrier Safety Act Code of Federal Regulations. |

17.   That Defendants' negligence and/or gross negligence was the proximate cause of the Plaintiff, ZHUMEI LI, in her individual capacity, being seriously injured, suffering a serious

impairment of body function and/or permanent serious disfigurement including a brain bleed, traumatic brain injury and other closed head injuries, a fractured collarbone, fractured ribs, back, neck, plus other injuries to other parts of her body, externally and internally, and some or all of which interferes with her enjoyment of life and experiencing great pain and suffering.

18.     That as a proximate result of said injuries, the Plaintiff, ZHUMEI LI, in her individual capacity, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

19.     That should it be determined at the time of trial that the said Plaintiff, ZHUMEI LI, in her individual capacity, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the gross and/or ordinary negligence of the Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

20.     That Defendants' negligence and/or gross negligence was the proximate cause of Plaintiff, ALLURA CASANOVA, being seriously injured, suffering a serious impairment of body function and/or permanent serious disfigurement including a fractured pelvis requiring surgical repair, lacerations to the head requiring stiches, closed head injuries, back, neck, scarring, plus other injuries to other parts of her body, externally and internally, and some or all of which interferes with her enjoyment of life and experiencing great pain and suffering.

21.     That as a proximate result of said injuries, the Plaintiff, ALLURA CASANOVA, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life and may require psychiatric treatment, and

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

6

more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

22.     That should it be determined at the time of trial that the said Plaintiff, ALLURA CASANOVA, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the gross and/or ordinary negligence of the Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, now claim judgment for whatever amount they are found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II: WRONGFUL DEATH OF SAM CHENG

NOW COME the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and add a Count II as follows:

23.     Plaintiffs hereby reallege, reaffirm and incorporate herein by reference all allegations in paragraphs numbered 1-22.

24.     That Defendants' negligence and/or gross negligence, as set out more fully in Count I and elsewhere in this Complaint, was the proximate cause of the Deceased, SAM CHENG, being fatally injured, and causing him extensive conscious pain and suffering prior to his death.

25.     That at the above-mentioned time and place, the Defendants,  TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., and KIRK ANTHONEY DENNIS BROWN, were guilty of gross and/or ordinary negligence in causing the premature death of the Plaintiff ZHUMEI LI's Decedent, SAM CHENG, and all damages sustained by the

Michigan Auto Law, 30001 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

Decedent, and those damages sustained by the Decedent's estate and heirs at law, including but not limited to all those recoverable damages under Michigan's Survivors Statute and/or Wrongful Death Statute, MCL 600.2921 and MCL 600.2922 respectively, including but not limited to the following:

A.   Premature death;

B.   Physical and conscious pain and suffering;

C.   Emotional distress and suffering;

D.   Medical, funeral and burial expenses;

E.   Loss of society and companionship of the decedent;

F.   Loss of services from Plaintiff's decedent;

G.   Compensation for the pain and suffering the decedent experienced while he was conscious before and during the time between her injury and his death;

H.   All economic loss allowable under the Michigan Wrongful Death Act, the Michigan Motor Vehicle Code as well as any and all applicable law;

I.   Any other damages allowed under the above cited statutes and/or under Michigan law which may be revealed through the course of discovery; and

J.   All damages that are fair and just and that bear the circumstances of this loss.

26.   Plaintiff, ZHUMEI LI, on behalf of the Estate of the Deceased, SAM CHENG, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

A.   Funeral and burial expenses in excess of that paid under Michigan No-Fault Law;

8

B.    Compensation for the pain and suffering the decedent experienced while he was conscious before, during and the time between his injury and his death;

C.    Loss of services of Plaintiff's Decedent;

D.    Loss of society and companionship of Plaintiff's Decedent;

E.    All economic loss allowable under the Michigan Wrongful Death Act; and

F.    All damages that are fair and just and that bear the circumstances of this loss.

27.    That should it be determined at the time of trial that the said Plaintiff's Decedent was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the gross and/or ordinary negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, and ZHUMEI LI, in her individual capacity, now claim judgment for whatever amount she and the Estate are found to be entitled under the Michigan Wrongful Death Act, or any other remedy available under the law, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT III: EXCESS ECONOMIC LOSSES

NOW COME the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, and add a Count III as follows:

28.    Plaintiffs hereby reallege, reaffirm and incorporate herein by reference all allegations in paragraphs numbered 1-27.

29.    Plaintiff, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, hereby claims damages for allowable expenses in excess of the amount covered by the

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

Decedent's No-Fault carrier, and work loss in excess of the daily, monthly, and three (3) year limitations, plus all other economic damages allowable under the Michigan No-Fault Law.

30.     Plaintiff, ZHUMEI LI, in her individual capacity, hereby claims damages for allowable expenses in excess of the amount covered by her No-Fault carrier, and work loss in excess of the daily, monthly, and three (3) year limitations, plus all other economic damages allowable under the Michigan No-Fault Law.

31.     Plaintiff, ALLURA CASANOVA, hereby claims damages for allowable expenses in excess of the amount covered by her No-Fault carrier, and work loss in excess of the daily, monthly, and three (3) year limitations, plus all other economic damages allowable under the Michigan No-Fault Law.

32.     The Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, hereby claim all applicable non-economic damages for the serious impairment of body function and/or permanent serious disfigurement, and wrongful death, as more clearly set out in the injuries listed in Count I and Count II.

WHEREFORE, the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, now claim judgment for whatever amount they are found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT IV: RESPONDEAT SUPERIOR AS TO DEFENDANTS TIME DISPATCH SERVICES AGENT GROUP, INC., AND/OR CDS TRANSPORT, INC.

NOW COME the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, and add a Count IV as follows:

Michigan Auto Law, 30001 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

33.     Plaintiffs hereby reallege, reaffirm and incorporate herein by reference all allegations in paragraphs numbered 1-32.

34.     TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC. is (are) the employer(s) of KIRK ANTHONEY DENNIS BROWN who was acting within the course and scope of his employment with Defendant TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC. at the time of the accident herein.

35.     That in addition to the allegations set out in Counts I and II, Defendant KIRK ANTHONEY DENNIS BROWN's employer, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., is (are) liable for Defendant KIRK ANTHONEY DENNIS BROWN's gross and/or ordinary negligence under the doctrine of Respondent Superior.

36.     That as a proximate cause of Defendant KIRK ANTHONEY DENNIS BROWN's gross and/or ordinary negligence, the Deceased, SAM CHENG, suffered fatal injuries and damages as set out in Counts I, II, and III.

37.     That as a proximate cause of Defendant KIRK ANTHONEY DENNIS BROWN's negligence, Plaintiff, ZHUMEI LI in her individual capacity, was seriously injured and suffered additional injuries and damages as set out in Counts I, II, and III.

38.     That as a proximate cause of Defendant KIRK ANTHONEY DENNIS BROWN's negligence, Plaintiff, ALLURA CASANOVA, was seriously injured and suffered additional injuries and damages as set out in Counts I and III.

WHEREFORE, the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, now

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

claim judgment for whatever amount they are found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

## COUNT V: DIRECT NEGLIGENCE AS TO DEFENDANT TIME DISPATCH SERVICES AGENT GROUP, INC., AND/OR CDS TRANSPORT, INC.

NOW COME the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, and adds a Count V as follows:

39.     Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-38.

40.     Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., owed the Plaintiffs and the public at a large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; The Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963.

41.     Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., were directly negligent, independent of the negligence of Defendant, KIRK ANTHONEY DENNIS BROWN, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963; in one or more of the following ways:

A.     Failing to properly screen and investigate Defendant, KIRK ANTHONEY DENNIS BROWN, prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

Michigan Auto Law, 30001 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

B.      Failing to properly direct, instruct, supervise, and train and/or control, Defendant, KIRK ANTHONEY DENNIS BROWN, regarding the safe operation of a commercial vehicle and compliance with applicable Federal and Michigan Statutes;

C.      Failing to properly direct, instruct, supervise, and train and/or control, Defendant, KIRK ANTHONEY DENNIS BROWN, regarding the use and effects of drugs and alcohol in relation to the safe operation of a commercial vehicle, and compliance with applicable Federal and Michigan Statutes;

D.      Failing to take steps to ensure Defendant KIRK ANTHONEY DENNIS BROWN's compliance with applicable Federal and Michigan statutes, and the standard of care for a truck driver; and

E.      Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2014 Freightliner semi-truck, license number 2953250, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

42.      Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., were negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant, KIRK ANTHONEY DENNIS BROWN.

43.      The negligence of Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., in hiring, directing, instructing, supervising, training

13

and/or controlling Defendant, KIRK ANTHONEY DENNIS BROWN, was a cause of the collision.

44.     Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., were negligent in failing to ensure that the vehicles under its/their ownership or control were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Motor Carrier Safety Act of 1963.

45.     The negligence of Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., in systematically inspecting, maintaining, and repairing the vehicles under its/their ownership or control, was a cause of the collision.

46.     The Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, lack of knowledge, and consistently negligent driving, all of which were known by Defendant TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., or should have been known in the exercise of reasonable care and caution, such that the defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., are hereby guilty of negligence, independent of the defendant-driver.

47.     The negligence of Defendants, TIME DISPATCH SERVICES AGENT GROUP, INC., and/or CDS TRANSPORT, INC., in entrusting the aforementioned semi-truck, and the operation thereof, to Defendant, KIRK ANTHONEY DENNIS BROWN, was a cause of the collision.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

WHEREFORE, the Plaintiffs, ZHUMEI LI, Personal Representative of the Estate of SAM CHENG, Deceased, ZHUMEI LI in her individual capacity, and ALLURA CASANOVA, now claim judgment for whatever amount they are found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

### COUNT VI: LOSS OF CONSORTIUM

NOW COMES the Plaintiff, ZHUMEI LI, in her individual capacity, and adds a Count VI for purposes of alleging a loss of consortium as follows:

48.     Plaintiff, ZHUMEI LI, in her individual capacity, realleges, reaffirms, and incorporates by reference herein, all allegations in paragraphs 1-48.

49.     That Plaintiff, ZHUMEI LI, in her individual capacity, was the spouse of the Decedent, SAM CHENG at the time of his death.

50.     As set out in greater detail in Counts I, II, III, IV, V, and VI, the Defendants' negligence was the proximate cause of the Decedent, SAM CHENG, being fatally injured.

51.     By reason of the Defendants' gross and/or ordinary negligence, Plaintiff, ZHUMEI LI, in her individual capacity:

A.     Suffered a loss of consortium and an invasion of consortium, resulting in deprivation, past and future, of her spouse's aid, assistance, enjoyment, sexual relations, conjugal affections, felicity, society, advice, counsel, comfort, cooperation and mutual service;

B.     Has been required to render extraordinary, unusual and very difficult services to his spouse, and will be required to do so in the future; and

C.     Has had to expend money for hospital, doctor, domestic and other miscellaneous expenses on behalf of the spouse and will incur more such expenses in the future, and has incurred economic losses as a proximate result of defendant's negligence.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

WHEREFORE, the Plaintiff, ZHUMEI LI, in her individual capacity, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.


/S/ Joshua R. Terebelo
JOSHUA R. TEREBELO (P72050)
Attorney for Plaintiff

Dated: June 10, 2022

Michigan Auto Law, 3001 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

16

# EXHIBIT 1

PC572d    Jwitte    3/14/2022 2:33 PM    (i)
90                                                                                          OSM CODE: LET

| **STATE OF MICHIGAN**<br>**PROBATE COURT**<br>**COUNTY OF WAYNE** | **LETTERS OF AUTHORITY FOR**<br>**PERSONAL REPRESENTATIVE** | **FILE NO.**<br>2022-872700-DE<br>Judge JUDY A. HARTSFIELD |
|---|---|---|

Estate of    Sam Cheng, Decedent

TO:    Name, address, and telephone no.
      Zhu Mei Li
      1171 Canterbury Circle
      Canton, MI 48187
      (734)337-1958

You have been appointed and qualified as Personal Representative of the estate on      03/14/2022   .
                                                                                                  Date

You are authorized to do and perform all acts authorized by law except as to the following:
**Restrictions:**

These letters expire:    **5/9/2023**                     .
                                Date

03/14/2022                                           _Jnl K Maynl_
Date                                                 Probate Register

### SEE NOTICE OF DUTIES ON SECOND PAGE

| TIMOTHY J. KLISZ | 55493 | | |
|---|---|---|---|
| Attorney name (type or print) | Bar no. | Attorney name (type or print) | Bar no. |
| 39111 6 MILE RD | | | |
| Address | | Address | |
| LIVONIA, MI 48152-3926 | (313)-402-0853 | | |
| City, state, zip | Telephone no. | City, state, zip | Telephone no. |

I certify that I have compared this copy with the original on file and that it is a correct copy of the original, and on this date, these letters are in full force and effect.

03/25/2022                                           _James Delleh_
Date                                                 Deputy Probate Register

The Letters of Authority are valid only if issued with the official seal of the Wayne County Probate Court.

Do not write below this line - For court use only

This document is a full and correct copy
of the original on file in the Wayne
County Probate Court, State of Michigan

MCL 700.3103; MCL 700.3307, MCL 700.3414,
MCL 700.3504, MCL 700.3601,;
MCR 5.202, MCR 5.206, MCR 5.307, MCR 5.310

**PC 572 (06/16)  LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE**

Zhu Mei Li
1171 Canterbury Circle
Canton, MI 48187

PC572d   Jwitte   3/14/2022 2:33 PM   (i)

Due to the national health emergency related to the Covid-19 virus, Wayne County Probate Court may be issuing letters of authority by email as much as possible to reduce personal contact. If you have any questions about the authenticity of the document being presented to you, please first go to our website at www.wcpc.us and check the case information under the "Case Access" header, then search by either case name or case number. The Register of Actions, including fiduciary and party names, is available online.

**The following provisions are mandatory reporting duties specified in Michigan law and Michigan court rules and are not the only duties required of you.**  See MCL 700.3701 through MCL 700.3722 for other duties.  Your failure to comply may result in the court suspending your powers and appointing a special fiduciary in your place.  It may also result in your removal as fiduciary.

**CONTINUED ADMINISTRATION:**  If the estate is not settled within 1 year after the first personal representative's appointment, you must file with the court and send to each interested person a notice that the estate remains under administration, specifying the reasons for the continued administration.  You must give this notice within 28 days of the first anniversary of the first personal representative's appointment and all subsequent anniversaries during which the administration remains uncompleted.  If such a notice is not received, an interested person may petition the court for a hearing on the necessity for continued administration or for closure of the estate. [MCL 700.3703(4), MCL 700.3951(3), MCR 5.144, MCR 5.307, MCR 5.310]

**DUTY TO COMPLETE ADMINISTRATION OF ESTATE:**  You must complete the administration of the estate and file appropriate closing papers with the court.  Failure to do so may result in personal assessment of costs.  [MCR 5.310]

**CHANGE OF ADDRESS:**  You are required to inform the court and all interested persons of any change in your address within 7 days of the change.

**Additional Duties for Supervised Administration**

If this is a supervised administration, in addition to the above reporting duties, you are also required to prepare and file with this court the following written reports or information.

**INVENTORY:**  You are required to file with the probate court an inventory of the assets of the estate within 91 days of the date your letters of authority are issued or as ordered by the court.  You must send a copy of the inventory to all presumptive distributees and all other interested persons who request it.  The inventory must list in reasonable detail all the property owned by the decedent at the time of death.  Each listed item must indicate the fair market value at the time of the decedent's death and the type and amount of any encumbrance.  Where the decedent's date of death is on or after March 28, 2013, the lien amount will be deducted from the value of the real property for purposes of calculating the inventory fee under MCL 600.871(2). If the value of any item has been obtained through an appraiser, the inventory should include the appraiser's name and address with the item or items appraised by that appraiser.  You must also provide   the name and address of each financial institution listed on your inventory at the time the inventory is presented to the court.  The address for a financial institution shall be either that of the institution's main headquarters or the branch used most frequently by the personal representative.
[MCL 700.3706, MCR 5.307, MCR 5.310(E)]

**ACCOUNTS:**  You are required to file with this court once a year, either on the anniversary date that your letters of authority were issued or on another date you choose (you must notify the court of this date) or more often if the court directs, a complete itemized accounting of your administration of the estate.  This itemized accounting must show in detail all income and disbursements and the remaining property, together with the form of the property.  Subsequent annual and final accountings must be filed within 56 days following the close of the accounting period.  When the estate is ready for closing, you are also required to file a final account with a description of property remaining in the estate.  All accounts must be served on the required persons at the same time they are filed with the court, along with proof of service.

**ESTATE (OR INHERITANCE) TAX INFORMATION:**  You are required to submit to the court proof that no estate (or inheritance) taxes are due or that the estate (or inheritance) taxes have been paid.  **Note:**  The estate may be subject to inheritance tax.

**Additional Duties for Unsupervised Administration**

If this is an unsupervised administration, in addition to the above reporting duties, you are also required to prepare and provide to all interested persons the following written reports or information.

**INVENTORY**:  You are required to prepare an inventory of the assets of the estate within 91 days from the date your letters of authority are issued and to send a copy of the inventory to all presumptive distributees and all other interested persons who request it.  The inventory must list in reasonable detail all the property owned by the decedent at the time of death. Each listed item must indicate the fair market value at the time of the decedent's death and the type and amount of any encumbrance. Where the decedent's date of death is on or after March 28, 2013, the lien amount will be deducted from the value of the real property for purposes of calculating the inventory fee under MCL 600.871(2). You are also required within 91 days from the date your letters of authority are issued, to submit to the court the information necessary to calculate the probate inventory fee that you must pay to the probate court. You may use the original inventory for this purpose.  [MCL 700.3706, MCR 5.307]

**ESTATE (OR INHERITANCE) TAX INFORMATION:**  You may be required to submit to the court proof that no estate (or inheritance) taxes are due or that the estate (or inheritance) taxes have been paid.  **Note:** The estate may be subject to inheritance tax.

PC572d   Jwitte   3/14/2022 2:33 PM   (i)

| STATE OF MICHIGAN<br>PROBATE COURT<br>COUNTY OF WAYNE | YOUR RESPONSIBILITIES<br>AS PERSONAL REPRESENTATIVE | FILE NO.<br><br>2022-872700-DE |
| --- | --- | --- |

In the matter of      Sam Cheng,  Decedent

**Claims.**  In almost all cases, notice to the decedent's creditors must be published in a newspaper.  If you know of specific creditors of the decedent, they must be given a *Notice to Known Creditors* form.  You must determine what creditors' claims, if any, should be paid.  The estate cannot be closed if publication is required and was not done.

**Inventory.**  The law requires you to file an *Inventory* listing all the estate's assets as of date of death within 91 days of the date you became personal representative.  The Court will send you a notice and a blank *Inventory* form approximately a month before it is due.  The Court will calculate the inventory fee, which the estate must pay within one year of the date you became personal representative.  Failure to file the inventory may lead to your suspension and\or the case being administratively closed.

**You Must File A Notice Of Continued Administration Annually.**  The law requires you to file a *Notice of Continued Administration* form each year the estate is open – it is due on the anniversary of the date you became personal representative.  The Court will send you a notice and a blank *Notice of Continued Administration* form approximately a month before it is due.  Failure to file the form may lead to your suspension as personal representative and\or the case being administratively closed.  FAX [(313) 967-4030] or mail the form to the following address:

**Wayne County Probate Court, General Office**
**1307 Coleman A. Young Municipal Center**
**2 Woodward Ave.**
**Detroit, MI 48226**

**All Letters of Authority** issued by the Wayne County Probate Court include an expiration date of 56 days after the fiduciary's qualification anniversary date.  Updated copies of Letters of Authority are $12 each, and can be paid by cash, check or money order made payable to the Wayne County Probate Court.  Mail your request, along with a self-addressed return envelope, to the address listed below.  Letters of authority can also be paid for in person by MasterCard or Discover.  JPMorgan Chase Bank will charge a convenience fee of 2.49% that will be added to your payment amount for each transaction completed (minimum charge of $3.95).

**Tell The Court If Your Or The Address Of Any Interested Person And/Or Telephone Number Changes.**  If you fail to tell the court about an address and/or telephone number change for yourself or an interested person within 7 days, you could be suspended. FAX [(313) 967-4041] or mail the updated address and/or phone number information to:

**Wayne County Probate Court, Document Processors**
**1307 Coleman A. Young Municipal Center**
**2 Woodward Ave.**
**Detroit, MI 48226**

## GUIDELINES FOR RECORD KEEPING BY PERSONAL REPRESENTATIVES

**AFTER RECEIVING LETTERS OF AUTHORITY:**
- File a change of address card with the Post Office to receive the decedent's mail.
- Create a file for the decedent.
- Keep the following documents in the decedent's file: all petitions, letters of authority, inventories, fiduciary bonds, notices of continued administration, accounts, guardian ad item (GAL) reports, and closing papers.

**FINANCES AND RECORD KEEPING:**
- There should be one bank account for the decedent with the following caption:  "Estate of John Doe, deceased".
- When closing the decedent's account and opening a new one, keep all opening and closing documents.
- All checks payable to the decedent must be deposited into the bank account.
- Open all bank and other statements immediately to identify any irregularities.

- All checks must be hand signed by the fiduciary.  Never use a signature stamp.  Do not allow anyone else to sign checks. Keep in secure location.
- Keep a copy of all bank statements, checks written, and receipts.
- When closing the decedent's account and opening a new one, keep all closing documents.
- All spending must only be used for the administration of the estate (payment of claims, inventory fees, attorney fees, etc.) and\or payment of heirs or devisees for their share of the estate.
- If there is a question about expenditure, file a petition with the court to obtain court approval.
- Demand and obtain written bills before making a payment.
- Computerized records must be backed up and stored in at least one other location.

WCPC 36 (4/19)   YOUR RESPONSIBILITIES AS PERSONAL REPRESENTATIVE